IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION[1]

TERESA GHEEN                                                                           PLAINTIFF

VS.                                                       CIVIL ACTION NO. 3:12CV806-CWR-FKB

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF                                                  DEFENDANT
SOCIAL SECURITY

_____

REPORT AND RECOMMENDATION OF
UNITED STATES MAGISTRATE JUDGE

This cause is before the undersigned United States Magistrate Judge for a Report and

Recommendation regarding the appeal by Teresa Gheen of the Commissioner of Social

Security's final decision denying her application for a period of disability and Supplemental

Security Income (SSI).  In rendering this recommendation regarding Gheen's appeal, the Court

has carefully reviewed the administrative record regarding her claims (including the

administrative decision, the medical records and a transcript of the hearing before the

Administrative Law Judge ("ALJ")); Plaintiff's Motion for Summary Judgment and related

filings; and Defendant's Motion to Affirm the Decision of the Commissioner and its

accompanying brief.  For the reasons discussed in this Report and Recommendation, the

undersigned recommends that Defendant's Motion to Affirm the Decision [13] be granted and

Plaintiff's Motion for Summary Judgment [11] be denied.

_____

[1]The Realignment Of The Southern Judicial District of Mississippi Act, H.R. 2871, Pub.
L. No. 113-61, 127 Stat. 665 (2013), was signed into law on December 20, 2013.  The
Realignment Act consolidated the former five divisions of the Southern District of Mississippi
into four divisions.  Consequently, the Jackson Division, in which this case was pending, has
been reconstituted as the Northern Division of the Southern District of Mississippi.

I. FACTS

A.  Procedural History

Gheen was born on January 28, 1967, and was forty-four years of age on the date of the

ALJ's decision. [10] at 22, 105.[2] She applied for a period of disability and SSI on April 9, 2010,

alleging that she became unable to work because of her disabling condition on May 17, 2001.

Id. at 105, 122. According to her Disability Report, Plaintiff alleges that the physical or mental

conditions that limit her ability to work are depression, anxiety, hypoglycemia, high cholesterol,

and back problems – deteriorating disc at L4 and L5.  Id. at 127.   She completed the twelfth

grade in school. Id. at 128.  Her past work history includes employment as a convenience store

cashier, chicken deboner, and a sewing machine operator.  Id. at 129.

Plaintiff's applications were denied initially and upon reconsideration. She requested an

administrative hearing, which was held on September 27, 2011. Id. at 54-76.   On October 7,

2011, the ALJ issued an unfavorable decision finding that Plaintiff was not disabled.  Id. at 14-

22.  Thereafter, on October 9, 2012, the Appeals Council, denied review, thereby making the

decision of the ALJ the final decision of the Commissioner.  Id. at 1-5.  Gheen then brought this

appeal pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

B.  Hearing Decision

In her decision, the ALJ worked through the familiar sequential evaluation process for

determining disability.[3]  The ALJ found that Gheen has the severe impairments of depression,

---

[2] Citations to the administrative record reflect the original pagination of the record.

[3] In evaluating a disability claim, the ALJ is to engage in a five-step sequential process,
making the following determinations:

anxiety, and degenerative disc disease lumbar spine.  Id. at 16.  Considering these severe

impairments, both physical and mental, the ALJ concluded that Gheen does not have an

impairment or combination of impairments that meets or medically equals one of the listed

impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Id. at 16.  The ALJ then looked to

the entire record and made detailed findings supporting her conclusion that Gheen has the

residual functional capacity to perform light work as defined in 20 C.F.R. §416.967(b) except

that she can perform occasional bending, stooping, or crouching.  Id. at 17.  In addition, the ALJ

found that Gheen is limited to work consisting of routine repetitive tasks involving one and two-

step instructions.  Id. The ALJ found that Gheen's interaction with others on the work site,

especially coworkers and supervisors, would need to be casual and routine.  Id.  The ALJ further

concluded that Gheen is limited to low-stress work, not involving high production quotas,

---

(1)     whether the claimant is presently engaging in substantial gainful activity (if so, a
        finding of "not disabled" is made);

(2)     whether the claimant has a severe impairment (if not, a finding of "not disabled"
        is made);

(3)     whether the impairment is listed, or equivalent to an impairment listed, in 20
        C.F.R. Part 404, Subpart P, Appendix 1 (if so, then the claimant is found to be
        disabled);

(4)     whether the impairment prevents the claimant from doing past relevant work (if
        not, the claimant is found to be not disabled); and

(5)     whether the impairment prevents the claimant from performing any other
        substantial gainful activity (if so, the claimant is found to be disabled).

See 20 C.F.R. §§ 404.1520, 416.920.  The analysis ends at the point at which a finding of
disability or non-disability is required.  The burden to prove disability rests upon the claimant
throughout the first four steps; if the claimant is successful in sustaining his burden through step
four, the burden then shifts to the Commissioner at step five.  Leggett v. Chater, 67 F.3d 558,
564 (5th Cir. 1995).

rapidly changing demands, or judgment.  Id. at 17-18.   With these limitations in mind, and after

consultation with a vocational expert ("VE"), the ALJ determined at step 4 that Gheen is capable

of performing her past relevant work as a convenience store cashier. Id. at 21. As an alternative

finding at step 5, the ALJ determined, in consultation with the VE, that Gheen could perform the

jobs of cafeteria attendant, housekeeping/custodial work, and laundry worker.  Id. at 22.

Accordingly, the ALJ found that Gheen had not been disabled since April 8, 2010, the date the

ALJ stated she had filed her application.  Id.

<u>C.  Medical History</u>

The Court has reviewed the medical record, as well as the detailed medical record

summaries as set forth in the hearing decision, Gheen's filings, and Commissioner's brief, and

has determined that a detailed recitation of the medical record is not necessary in this Report and

Recommendation.

<u>II. STANDARD OF REVIEW</u>

The undersigned recognizes that this Court's review is limited to an inquiry into whether

there is substantial evidence to support the Commissioner's findings, <u>Richardson v. Perales</u>, 402

U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied.  42 U.S.C. §

405(g); <u>Falco v. Shalala</u>, 27 F.3d 160, 163 (5th Cir. 1994); <u>Villa v. Sullivan</u>, 895 F.2d 1019,

1021 (5th Cir. 1990).  The Fifth Circuit has defined the "substantial evidence" standard as

follows:

> [s]ubstantial evidence means more than a scintilla, less than a preponderance, and
> is:
>> such relevant evidence as a reasonable mind might accept to
>> support a conclusion.  It must do more than create a suspicion of
>> the existence of the fact to be established, but "no substantial
>> evidence" will be found only where there is a "conspicuous

absence of credible choices" or "no contrary medical evidence."

Abshire v. Bowen, 848 F.2d 638, 640 (5th Cir. 1988 )(quoting Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983)(citations omitted)).  In applying the substantial evidence standard, the court must carefully examine the entire record but must refrain from re-weighing the evidence or substituting its judgment for that of the Commissioner.  Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995).  Conflicts in the evidence and credibility assessments are for the Commissioner and not for the courts to resolve.  Martinez v. Chater, 64 F.3d 172, 174 (5th Cir. 1995).  Hence, if the Commissioner's decision is supported by the evidence, and the proper legal standards were applied, the decision is conclusive and must be upheld by this court.  Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994), overruled on other grounds, Sims v. Apfel, 530 U.S. 103, 120 S.Ct. 2080, 147 L. Ed. 2d 80 (2000).

### III. DISCUSSION OF THE ALLEGED ERRORS AND APPLICABLE LAW

The Plaintiff argues that the ALJ's decision should be reversed for the following reasons:

1. Non-exertional limitations assigned by the ALJ to the Claimant are not based upon substantial evidence.

   a. No restriction related to the Claimant's concentration and attention is provided.

2. The ALJ did not establish the existence of work which the Claimant can perform and failed to resolve conflict between the testimony of the VE and the D.O.T.

In response, the Commissioner argues that substantial evidence supports the ALJ's decision that Gheen is not disabled, that the ALJ applied proper legal standards, and that the Commissioner's decision must be upheld.

The evaluation of a claimant's subjective symptoms is a task particularly within the

province of the ALJ who had an opportunity to observe whether he or she seemed to be disabled. Harrell v. Bowen, 862 F.2d 471, 480 (5th Cir. 1988). When the record contains substantial evidence to support the ALJ's decision, the Court must give considerable deference to the ALJ's evaluation of the plaintiff's credibility and severity of limitations. Wren v. Sullivan, 925 F.2d 123, 128 (5th Cir. 1991).  Furthermore, as stated above, if the proper legal standards were applied, the decision is conclusive and must be upheld by this court.  Paul v. Shalala, 29 F.3d 208, 210 (5th Cir. 1994), overruled on other grounds, Sims v. Apfel, 530 U.S. 103, 120 S.Ct. 2080, 147 L. Ed. 2d 80 (2000).

A. Are the non-exertional limitations assigned by the ALJ to Gheen based upon substantial evidence?

Gheen first argues that the ALJ's decision regarding her non-exertional limitations are not based upon substantial evidence.  She further argues that the ALJ failed to provide any restriction related to her concentration and attention, given the objective medical evidence finding that she has a major depressive disorder with psychotic features, as well as anxiety with panic attacks.  Moreover, Gheen argues that the ALJ's RFC determination is contrary to and makes no allowances for the finding by the consultative examiner, Philip Drumheller, Ph.D., that her concentration and attention are "poor." Gheen also points out that the ALJ concluded that her mental assessment by Drumheller may represent "malingering," whereas Drumheller did not make a finding of malingering. Gheen further argues that the ALJ failed explicitly "to provide a statement of that weight" she assigned to medical evidence in reaching her conclusion about Gheen's mental impairments.

The Commissioner argues that Gheen contends, essentially, that the ALJ should have adopted consultative examiner Drumheller's finding that she had "poor" concentration and

attention skills when determining RFC.  The Commissioner argues that Gheen fails to cite any law in support of this argument, and that the responsibility for assessing RFC rests with the ALJ, citing 20 C.F.R. § 416.946 (c).  The Commissioner also argues that other medical evidence in the record supports the ALJ's determination.

First, although Gheen claims that the ALJ "fail[ed] to provide for <u>any</u> limitation to Plaintiff's attention and concentration," [12] at 11 (emphasis added), the ALJ explicitly found that Gheen "is limited to work consisting of routine repetitive tasks involving one and two-step instructions" and that she "is limited to low-stress work, not involving high production quotas, rapidly changing demands, or judgment." [10] at 17-18. Further, the record contains substantial evidence supporting the ALJ's findings.

After Dr. Drumheller's report, Glenda Scallorn, M.D., a state agency consultant, completed a psychiatric review technique (PRT) and a mental RFC assessment of Gheen. <u>Id.</u> at 308-325. Dr. Scallorn noted that Gheen had moderate difficulties in maintaining concentration, persistence, and pace and was moderately limited in her ability to maintain attention and concentration for extended periods. <u>Id.</u> at 318, 322. But, Dr. Scallorn specifically found that, with respect to her ability to remember locations and work-like procedures and her ability to understand, remember, and carry out very short and simple instructions, Gheen was "[n]ot [s]ignificantly [l]imited." <u>Id.</u> at 322. Dr. Scallorn concluded that Gheen had "the ability to perform [routine repetitive tasks] for at least simple work for [two hour] periods of time in an [eight-hour] day" and that she was "able to complete a work week without excessive interference from psychologically based symptoms." <u>Id.</u> 324.

After Dr. Scallorn's report, Patricia Alexander, Ph.D., another state agency consultant,

also completed a PRT and mental RFC assessment of Gheen. Id. at 337-354. Dr. Alexander also noted that Gheen had moderate difficulties in maintaining concentration, persistence, and pace and moderate limitations in her ability to maintain attention and concentration for extended periods. Id. at 347, 351. But, like Dr. Scallorn, Dr. Alexander also found that, as to her ability to remember locations and work-like procedures and her ability to understand, remember, and carry out very short and simple instructions, Gheen was "[n]ot [s]ignificantly [l]imited." Id. at 351. Dr. Alexander concluded that Gheen was "able to understand and follow simple directions with adequate concentration and attention" and "appear[ed] to be able to interact appropriately with supervisors and co-workers and adapt to a work setting." Id. at 353.

Gheen's treatment records from Weems Community Mental Health Center also run counter to her characterization of her limitations.  The Weems treatment records, from July 2010 to April 2011, demonstrate that her treating physician, David Hill, M.D., and nurse practitioner observed improvement in her attitude, sleep, appetite, thought process, and memory during this period. As the ALJ correctly noted, Dr. Hill "has prescribed [Gheen] medication and has continued to adjust the medication with good results throughout the course of treatment." Id. at 19. In fact, in March 2011, Gheen reported that she was "doing well." Id. at 408.

"The Secretary, not the courts, has the duty to weigh the evidence, resolve material conflicts in the evidence, and decide the case." Chaparro v. Bowen, 815 F.2d 1008, 1010-1011 (5th Cir. 1987)(citing Carry v. Heckler, 750 F.2d 479, 482 (5th Cir. 1985)). In her decision, the ALJ expressly noted that Dr. Drumheller found Gheen's concentration and attention to be "poor" and discussed the opinions of Dr. Scallorn, the Weems treatment records, Gheen's testimony at

the hearing, and other records.[4] [10] at 18-21. The ALJ also stated that "[a]ll of the medical records, diagnostic assessments, treatment records, and contemporaneous notes ha[d] been considered in weighing the evidence" and reaching her decision.[5] Id. at 20-21. Substantial evidence exists to support the ALJ's findings on Gheen's non-exertional limitations, and accordingly, this issue provides no basis for remand.

> B. Did the ALJ establish the existence of work which the Claimant can perform, and did the ALJ fail to resolve conflict between the testimony of the VE and the Dictionary of Occupational Titles ("D.O.T.")?

As mentioned above, the ALJ found that Gheen had the RFC to perform light work with certain limitations including, inter alia, being "limited to work consisting of routine repetitive tasks involving one and two-step instructions." [10] at 17. During the administrative hearing, the ALJ posed to the VE a hypothetical which encompassed the RFC found by the ALJ, specifically including, inter alia, that "th[e] individual would be limited to work that's simple, routine and

---

[4] Gheen takes issue with the ALJ's mention of "malingering" in reference to Gheen's assessment by Dr. Drumheller. [12] at 10. However, both Dr. Scallorn and Dr. Alexander made statements supporting the ALJ's assertion. Dr. Scallorn stated, "I question the total validity of presentation to [Dr. Drumheller] with [Gheen's] inability to name [the current] president and reporting Washington as [the] past pres[ident] with [Dr. Drumheller] reporting validity of statements as fair and no other medical records noting impaired cognitive functioning." [10] at 320. Dr. Alexander stated, "[a]llegations of depression, anxiety appear partially credible. Weight given to treating sources with support from CE source. Statements concerning intensity, persistence and limiting effects are not entirely credible given the preponderance of evidence." Id. at 349.

[5] In her initial and rebuttal briefs, Gheen argues that the ALJ should have provided more explanation as to why she apparently gave more weight to the opinion of Dr. Scallorn than Dr. Drumheller. To support this argument in her rebuttal brief, Gheen quotes the regulation stating, "[w]e will always give good reasons in our determination or decision for the weight we give your treating source's opinion," and Gheen then cites cases addressing the weight to be afforded the opinions of treating physicians. [15] at 3-7. However, Dr. Drumheller was a state agency examining consultant, not Gheen's treating physician.

repetitive tasks involving one and two step instructions." <u>Id.</u> at 74. In response to the hypothetical, the VE testified that a person with such an RFC could perform Gheen's past relevant work as a convenience store cashier, as well as other jobs existing in significant numbers in the national economy, namely, the jobs of cafeteria attendant, housekeeping or custodial work, and laundry worker. <u>Id.</u> at 74-75. Based on the VE's testimony, the ALJ found at step four that Gheen is capable of performing her past relevant work as a convenience store cashier, and made an alternative finding at step five that Gheen is capable of performing the jobs of cafeteria attendant, housekeeping/custodial work, and laundry worker. <u>Id.</u> at 22.

    Gheen takes issue with the VE's opinion and the ALJ's finding that a person with an RFC limited to simple, routine repetitive tasks involving one and two-step instructions could perform the jobs of convenience store cashier, cafeteria attendant, or laundry worker. [12] at 12-16. Specifically, Gheen asserts that, under the Dictionary of Occupation Titles (D.O.T.), the job of cashier requires a reasoning level of 3 and the jobs of cafeteria attendant and laundry worker each require a reasoning level of 2 and that, "[p]er the definitions provided by the D.O.T.[,] only jobs classified as reasoning level 1 can correspond with the term 'simple' as used in the limitation of . . . performing simple, routine repetitive work activities." <u>Id.</u> at 12-13.

    In support of her position, Gheen cites a Colorado district court case holding that "[a] person . . . whose mental RFC is limited to 'simple' work . . . would . . . arguably lack the mental RFC for jobs at or above [Reasoning Level] 2." <u>Scheibeler v. Astrue</u>, 2009 WL 3077310 (D. Colo. Sept. 21, 2009)(citing other cases). However, one court has stated that "[t]he clear majority of the courts that have addressed this issue since 2005" have held that jobs with a reasoning level of 2 are consistent with an RFC limited to simple work. <u>See</u> <u>Pepin v. Astrue</u>, No. 09-464-P-S,

2010 WL 3361841 at *3-6 (D. Me. Aug. 24, 2010), adopted, 2010 WL 3724286 (D. Me. Sept. 16, 2010)(after extensive discussion and citing numerous cases on issue, court "abandon[ed] its minority position" and held that no conflict exists between jobs with reasoning level of 2 and RFC limited to simple tasks). Courts have also held that jobs with a reasoning level of 3 are consistent with an RFC limited to simple work. See, e.g., Hurtado v. Comm'r of Soc. Sec., 425 Fed. Appx. 793, 795 (11th Cir. 2011)(finding "no apparent conflict" between reasoning level 2 and 3 jobs and RFC limited to "simple, routine tasks"); Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009)(finding no conflict between job requiring level 3 reasoning and RFC limited to simple work); Auger v. Astrue, 792 F. Supp. 2d 92, 97 (D. Mass. 2011)(citing numerous cases, court stated that it was "join[ing] the great weight of authority on this issue" and held that no conflict existed between job with reasoning level of 3 and RFC limited to simple work). In fact, this Court has held that there is no "obvious, direct conflict" between "the ability to perform only simple, repetitive tasks . . . [and] Level 3 reasoning." Abel v. Astrue, Civ. Action No. 3:09cv327-TSL-FKB, 2011 WL 1099890 at *7 (S.D. Miss. Mar. 2, 2011).

        Regardless, in this case, the issue of whether there is a conflict between jobs with a reasoning level of 2 or 3 and an RFC limited to simple work is merely academic. Here, the ALJ found that Gheen could perform housekeeping/custodial work which has a reasoning level of 1. Gheen admits that housekeeping/custodial work has a reasoning level of 1 and that such a reasoning level corresponds with her RFC of simple, routine repetitive work. [12] at 12-13. Accordingly, since the ALJ identified an uncontested job that Gheen could perform, the issues raised by Gheen in relation to the other jobs identified by the ALJ do not provide a basis for reversal or remand. See, e.g., Hoelck v. Astrue, 261 Fed. Appx. 683, 687 (5th Cir. 2008)(if ALJ

identifies one job claimant can perform, errors as to other jobs identified by ALJ are harmless).

Further, as this Court noted in <u>Abel</u>, the Fifth Circuit has stated that:

claimants should not be permitted to scan the record for implied or unexplained conflicts between the specific testimony of an expert witness and the voluminous provisions of the DOT, and then present that conflict as reversible error, when the conflict was not deemed sufficient to merit adversarial development in the administrative hearing.

<u>Carey v. Apfel</u>, 230 F.3d 131, 146-47 (5th Cir. 2000). "Moreover, as the Fifth Circuit observed in <u>Carey</u>, the [D.O.T.] job descriptions are not comprehensive and should not be given a role that is exclusive of the Vocational Expert's testimony as to whether a particular claimant can perform a particular job." <u>Abel</u>, 2011 WL 1099890 at *7.

In this case, Gheen seeks to create an issue where none exists. First, Gheen admits that, with an RFC of simple work, she would be able to perform jobs with a reasoning level of 1, and the VE identified such a job that Gheen could perform, namely, housekeeper/custodian. Second, although Gheen's counsel presented the VE with his own hypothetical based on his interpretation of Gheen's restrictions, he did not cross-examine the VE about any purported conflict between the ALJ's hypothetical, the VE's response, and the D.O.T.  As addressed in <u>Carey</u> and <u>Abel</u>, claimants cannot "scan the record for implied or unexplained conflicts" between the ALJ, the vocational expert, and the D.O.T. that did not merit questioning at the hearing, and "then present that conflict as reversible error" on appeal. For this reason also, this issue presents no basis for reversal or remand.

<u>IV. CONCLUSION</u>

In sum, the undersigned finds that the ALJ correctly analyzed the applicable law; substantial evidence supports her decision; and no reversible error exists.  Accordingly, the

undersigned recommends that the Motion to Affirm the Commissioner's Decision [13] be granted, and the Motion for Summary Judgment filed by Plaintiff [11] be denied.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. §636; Fed. R. Civ. P. 72(b)(as amended, effective December 1, 2009); Douglass v. United Services Automobile Association, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 18th day of February, 2014.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE